IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Darius Tyrell Scott,** | **Case No. 4:22CV878** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge James E. Grimes, Jr.** |
| **Kilolo Kijakazi,** **Acting Commissioner of Social Security** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

This matter is before the Court on the Objections of Plaintiff Darius Tyrell Scott ("Plaintiff" or "Scott") to the Report and Recommendation of Magistrate Judge James E. Grimes regarding Plaintiff's request for judicial review of Defendant Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of his applications for Child's Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. (Doc. No. 13.) For the following reasons, Plaintiff's Objections are OVERRULED, the Report & Recommendation ("R&R") is ADOPTED, and the Commissioner's decision is AFFIRMED.

I.  **Background**

In October 2016, Scott filed his applications for Child's DIB and SSI**,** alleging a disability onset date of June 30, 2016. (Doc. No. 8 (Transcript ["Tr."]) at 61.) The applications were denied initially and upon reconsideration, and Scott requested a hearing before an administrative law judge ("ALJ"). (*Id.*) On May 22, 2019, the ALJ conducted a hearing at which Scott was represented by counsel and testified. (Tr. 76-112.) A vocational expert ("VE") also testified. (*Id.*)

On June 25, 2019, the ALJ found that Scott was not disabled. (Tr. 61-69.) The ALJ determined that Scott suffered from the severe impairments of major depressive disorder, anxiety, attention deficit hyperactivity disorder ("ADHD"), and schizophrenia. (Tr. 63.) The ALJ found that Scott's impairments did not meet or medically equal the requirements of a listed impairment and that he retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with several non-exertional limitations. (Tr. 64-67.) The ALJ then concluded that there were jobs that existed in significant numbers in the national economy that Scott could perform and, therefore, he was not disabled. (Tr. 68.) The Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. (Tr. 1-3.)

Scott seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. No. 1.) The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1) for a Report and Recommendation ("R&R"). In the R&R, Magistrate Judge Grimes concluded that the ALJ's decision is supported by substantial evidence and recommended that the decision be affirmed. (Doc. No. 12.) On December 27, 2022, Scott filed the following Objections to the R&R:

> I. Whether the Magistrate's recommendation that the final Decision of the Commissioner be AFFIRMED is supported by substantial evidence.
>
> II. The Magistrate Judge failed to find that the ALJ erred in failing to address Listings 12.03, 12.06 and 12.15 and specifically whether the plaintiff equaled said Listings.
>
> III. The Magistrate should have recommended remanding the case for further clarification and/or development.

(Doc. No. 13.) The Commissioner filed a Response on January 5, 2023. (Doc. No. 14.) The Court has conducted a *de novo* review of the issues raised in Plaintiff's Objections.

**II.      Standards of Review**

    **A.      Review of Objections to R&R**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926 at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, 2015 WL 5316216 at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell,* 1994 WL 532926 at *1). *See also* Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

The Sixth Circuit has held that general objections to a Magistrate Judge's report and recommendation are insufficient. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). *See also Brown v. City of Grand Rapids, Michigan*, 2017 WL 4712064 (6th Cir. 2017). "A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Rather, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller,* 50 F.3d at 380 (citing *Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 508–09 (6th Cir.1991)). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R&R.'" *Arroyo v. Comm'r of Soc. Sec.*, 2016 WL 424939 at *3 (E.D.

Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, 2015 WL 5014361 at *1 (E.D. Mich. Aug. 24, 2015)) (citing *Howard,* 932 F.2d at 509).

Moreover, parties cannot "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge's final report and recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). *See also Swain v. Comm'r of Soc. Sec.*, 379 Fed. Appx 512, 517-18 (6th Cir. 2010) ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived."); *Nasser v. Comm'r of Soc. Sec.,* 598 F.Supp.3d 614, 621 (E.D. Mich. 2022), *aff'd,* 2022 WL 17348838 (6th Cir. Dec. 1, 2022).

### B. Review of Social Security Decisions

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process.[1] 20 C.F.R. § 404.1520.

---

[1] Under this five-step review, the claimant must first demonstrate that he is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that he suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Third, if the claimant is not performing substantial

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 Fed. Appx. 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Moreover, the Commissioner's decision must be affirmed even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

---

gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity, i.e., the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. § 404.1520(e) and 416.930(e). At the fourth step, if the claimant's impairment or combination of impairments does not prevent him from doing his past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g). *See Abbot*, 905 F.2d at 923.

**III.     Plaintiff's Objections to the R&R**[2]

In his Objections, Scott argues that the Magistrate Judge erred when he concluded that the ALJ's failure to address Listings 12.03 (schizophrenia), 12.06 (anxiety), and 12.15 (trauma) at Step Three does not necessitate a remand. (Doc. No. 13.) Scott maintains that the ALJ's failure to address these Listings is not harmless because there is evidence in the record to show that Scott's impairments satisfy both the Paragraph A and Paragraph C criteria of each of these Listings.[3] (*Id*. at p. 8-9.) Although the ALJ considered (and found that Scott did not satisfy) the same Paragraph C criteria in the context of discussing a different Listing at Step Three, Scott asserts that the ALJ's Paragraph C finding is insufficient because the ALJ failed to consider: (1) the fact that Scott's medications were adjusted at least fifteen times between June 2016 and October 2018; (2) "the documented changes in plaintiff's behavior and mental state;" or (3) "the effect of the schizophrenia injections wearing off to the point [Scott] began to decompensate and experience increased mental issues." (*Id*. at p. 8.)

Scott also argues that the ALJ erred in failing to evaluate whether the severity of his impairments is medically equivalent to the requirements of Listings 12.03, 12.06, and 12.15. (*Id*. at pp. 2, 6.) Scott maintains that the ALJ erred in relying on the opinions of state agency psychologists Carl Tishler, Ph.D., Paul Tangeman, Ph.D., and Jeff Rindsberg, Psy. D., for his Step Three determination because: (1) these psychologists did not review the vast majority of Scott's medical records; (2) they did not consider whether Scott's symptoms were equivalent to the requirements of

---

[2] The Magistrate Judge's thorough recitation of the medical and opinion evidence need not be repeated and is incorporated herein.

[3] As discussed in more detail *infra*, Listings 12.03, 12.06 and 12.15 each have three paragraphs, designated Paragraphs A, B, and C. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A)(2). The Paragraph A criteria is different for each of these Listings, but the Paragraph B and Paragraph C criteria are the same. *Id*. To satisfy these Listings, a claimant must show that (1) he meets the impairment-specific medical criteria in Paragraph A and the functional limitations criteria in Paragraph B; **or** (2) the criteria in Paragraph A and the criteria in Paragraph C. *Id*

6

Listings 12.03, 12.06, and/or 12.15; and (3) their 2017 opinions were issued well before the ALJ's June 2019 decision and are, therefore, outdated.  (*Id*. at pp. 3-4.)

The Commissioner filed a one-page "Response" to Scott's lengthy Objections, stating only that "Defendant stands on the merits of its brief and requests that the Court adopt the Magistrate Judge's Report and Recommendation."  (Doc. No. 14.)

At the third step in the disability evaluation process, a claimant will be found disabled if his impairment meets or equals one of the Listing of Impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec*., 381 Fed. Appx. 488, 491 (6th Cir. 2010).  The Listing of Impairments, located at Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a).  Essentially, a claimant who meets the requirements of a Listed Impairment, as well as the durational requirement, will be deemed conclusively disabled and entitled to benefits.

Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3).  It is the claimant's burden to bring forth evidence to establish that his impairments meet or are medically equivalent to a listed impairment. *See e.g., Lett v. Colvin*, 2015 WL 853425 at * 15 (N.D. Ohio Feb. 26, 2015).  A claimant must satisfy all the criteria to "meet" the listing. *Rabbers v. Comm'r of Soc. Sec*., 582 F.3d 647, 652 (6th Cir. 2009). *See also Foster v. Halter*, 279 F.3d 348, 354-355 (6th Cir. 2001); *Smith-Johnson v. Comm'r of Soc. Sec*., 579 Fed. Appx. 426, 432 (6th Cir. 2014).  "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  A claimant is also disabled if his impairment is the medical equivalent of a listing, 20 C.F.R.

§§ 404.1525(c)(5), 416.925(c)(5), which means it is "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a). "A claimant can demonstrate that []he is disabled because h[is] impairments are equivalent to a listed impairment by presenting 'medical findings equal in severity to all the criteria for the one most similar listed impairment.'" *Foster,* 279 F.3d at 355 (quoting *Zebley*, 493 U.S. at 531). *See also Snyder v. Comm'r of Soc. Sec.*, 2023 WL 3673265 at * 3 (6th Cir. May 26, 2023).

Here, the ALJ determined, at Step Two, that Scott suffered from the severe impairments of major depressive disorder, anxiety, ADHD, and schizophrenia. (Tr. 63.) At Step Three, the ALJ found that the severity of Scott's mental impairments did not meet or medically equal the criteria of Listings 12.04 (Depressive, bipolar, and related disorders) and 12.11 (Neurodevelopmental disorders). (Tr. 63-64.) Listing 12.04 has three paragraphs, designated A, B, and C. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(A)(2). [4] To satisfy this Listing, a claimant's "mental disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C." *Id.* Listing 12.11 has two paragraphs, designated A and B, both of which must be satisfied to meet or equal the Listing. *Id.* While the Paragraph A criteria for Listings 12.04 and 12.11 are different, the Paragraph B criteria for these two Listings is the same. *See Id*. at §§ 12.00(A)(2)(a) and (b).

The ALJ evaluated Listings 12.04 and 12.11, as follows:

The severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.11. In making this finding, I have considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the mental impairments must result in at least one extreme or two marked limitations in a broad area of functioning which

---

[4] The Court relies on the version of the Listings that was in effect at the time of the ALJ's June 2019 decision. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 (effective March 14, 2018 to April 1, 2021.)

> are: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves. A marked limitation means functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited. An extreme limitation is the inability to function independently, appropriately or effectively, and on a sustained basis.
>
> In understanding, remembering, or applying information, the claimant has moderate limitations. The claimant alleged that he has difficulty following instructions and completing tasks. However, the claimant also stated that he could go to doctor's appointments, take medications, and play games. In addition, the record shows that the claimant was able to follow instructions from healthcare providers and respond to questions from medical providers (3E, 13F, Hearing).
>
> In interacting with others, the claimant has moderate limitations. Here, the claimant alleged that he has difficulty engaging in social activities. However, according to his statements, the claimant is also able to spend time with friends and family and live with others. Finally, the medical evidence shows that the claimant was described as pleasant and cooperative and appeared comfortable during appointments (3E, 13F, Hearing).
>
> The next functional area addresses the claimant's ability to concentrate, persist, or maintain pace. For this criterion, the claimant has moderate limitations. The claimant contended that he has limitations in concentrating generally, focusing generally, following instructions, and completing tasks. On the other hand, the claimant said that he is also able to watch TV, play games, and use the internet (3E, 13F, Hearing).
>
> Finally, the claimant has moderate limitations in his ability to adapt or manage himself. The claimant asserted that he has difficulties managing his mood. That said, the claimant also stated that he is able to handle self-care and personal hygiene. Meanwhile, the objective evidence in the record showed the claimant to have appropriate grooming and hygiene and no problem getting along well with providers and staff (3E, 13F, Hearing).
>
> Because the claimant's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation, the "paragraph B" criteria are not satisfied.
>
> I have also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. The claimant is able to care for his own needs and does not allege otherwise.

(Tr. 64.)

It is undisputed that the ALJ did not discuss whether Scott's impairments met or equaled the requirements of the Listings for schizophrenia (Listing 12.03), anxiety (Listing 12.06), or trauma (Listing 12.15).[5] Scott asserts that the ALJ's failure to do so constitutes reversible error and that the Magistrate Judge erred in concluding otherwise. (Doc. No. 13.) For the following reasons, the Court finds that Scott's Objection is without merit.

The Sixth Circuit has held that, when considering whether a claimant's impairment "meets or equals" a listed impairment, an ALJ is required to "actually evaluate the evidence, compare it to [the relevant listed impairment], and give an explained conclusion, in order to facilitate meaningful judicial review." *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx 411, 416 (6th Cir. 2011). The Sixth Circuit, however, has also emphasized that "the ALJ need not discuss listings that the applicant clearly does not meet." *Sheeks v. Comm'r of Soc. Sec.*, 544 Fed. Appx 639, 641 (6th Cir. 2013). Rather, an ALJ is required to discuss a listing only when "the record 'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing." *Sheeks*, 544 Fed. Appx at 641 (quoting *Abbott*, 905 F.2d at 925). *See also Pasiak v. Comm'r of Soc. Sec.*, 800 Fed. Appx. 301,

---

[5] Listing 12.03 is for "schizophrenia and other psychotic disorders." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(B)(2). "These disorders are characterized by delusions, hallucinations, disorganized speech, or grossly disorganized or catatonic behavior, causing a clinically significant decline in functioning. Symptoms and signs may include, but are not limited to, inability to initiate and persist in goal-directed activities, social withdrawal, flat or inappropriate affect, poverty of thought and speech, loss of interest or pleasure, disturbances of mood, odd beliefs and mannerisms, and paranoia." *Id* at 12.00(B)(2)(a). Listing 12.06 is for "anxiety and obsessive-compulsive disorders. *Id*. at § 12.00(B)(5). "These disorders are characterized by excessive anxiety, worry, apprehension, and fear, or by avoidance of feelings, thoughts, activities, objects, places, or people. Symptoms and signs may include, but are not limited to, restlessness, difficulty concentrating, hyper-vigilance, muscle tension, sleep disturbance, fatigue, panic attacks, obsessions and compulsions, constant thoughts and fears about safety, and frequent physical complaints." *Id*. at § 12.00(B)(5)(a). Finally, Listing 12.15 is for "trauma- and stressor-related disorders." *Id*. at § 12.00(B)(11)). "These disorders are characterized by experiencing or witnessing a traumatic or stressful event, or learning of a traumatic event occurring to a close family member or close friend, and the psychological aftermath of clinically significant effects on functioning. Symptoms and signs may include, but are not limited to, distressing memories, dreams, and flashbacks related to the trauma or stressor; avoidant behavior; diminished interest or participation in significant activities; persistent negative emotional states (for example, fear, anger) or persistent inability to experience positive emotions (for example, satisfaction, affection); anxiety; irritability; aggression; exaggerated startle response; difficulty concentrating; and sleep disturbance." *Id*. at § 12.00(B)(11)(a).

304 (6th Cir. 2019) (holding that "to decide whether [an] ALJ erred in [providing a] cursory step-three analysis, we must determine whether the record raises a 'substantial question' as to whether [the claimant] could qualify as disabled under one of the listings in Appendix 1 of Subpart P of 20 C.F.R. § 404. If so, the ALJ's failure to discuss that listing would constitute reversible error.")

Showing that the record raises a "substantial question" as to whether a claimant satisfies a listing is no easy task. As the Sith Circuit has explained, "[a] claimant must do more than point to evidence on which the ALJ could have based his finding to raise a 'substantial question' as to whether he satisfied a listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 Fed. Appx 426, 432 (6th Cir. 2014) (quoting *Sheeks,* 544 Fed. Appx at 641–42). "Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Id.* (citing *Zebley*, 493 U.S. at 530). "Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." *Id*. at 433. *See also Pasiak*, 800 Fed. Appx. at 305.

The Court finds that the ALJ's failure to discuss Listings 12.03, 12.06, and 12.15 is not reversible error. As the Magistrate Judge correctly noted, Listing 12.04 (which the ALJ did consider) is similar to Listings 12.03, 12.06 and 12.15 in several key respects. First, each of these Listings have three paragraphs – Paragraphs A, B, and C -- a combination of which must be satisfied to meet the requirements of each Listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A)(2). Second, each of these Listings require a claimant to demonstrate that (1) he meets both the impairment-specific medical criteria in Paragraph A and the functional limitations criteria in Paragraph B; **or** (2) both the criteria in Paragraph A and the criteria in Paragraph C. *Id.*

Importantly, the Paragraph B criteria and Paragraph C criteria are the same for Listings 12.03, 12.04, 12.06, and 12.15. *Id*. at §§ 12.00(A)(2)(b) and (c). The Paragraph B criteria for each of these

11

Listings require a claimant to show that his impairment(s) resulted in an extreme limitation of one or marked limitation of two, of the following areas of mental functioning: (1) understand, remember or apply information; (2) interact with others; (3) concentrate, persist or maintain pace; (4) adapt or manage oneself. *Id*. at § 12.00(A)(2)(b). In the instant case, the ALJ found that Scott did not satisfy the Paragraph B criteria because he had "moderate" limitations in all four of these areas of mental functioning. (Tr. 64.) Notably, Scott does not challenge the ALJ's Paragraph B findings. (Doc. No. 13.)

The Paragraph C criteria (which is applicable to Listings 12.03, 12.04, 12.06, and 12.15) require a claimant to show the following:

> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

*Id*. at §§ 12.03(C), 12.04(C), 12.06(C), 12.15(C). The regulations further explain that:

> 'Marginal adjustment' means that your adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life. We will consider that you have achieved only marginal adjustment when the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning; for example, you have become unable to function outside of your home or a more restrictive setting, without substantial psychosocial supports (see 12.00D). Such deterioration may have necessitated a significant change in medication or other treatment. Similarly, because of the nature of your mental disorder, evidence may document episodes of deterioration that have required you to be hospitalized or absent from work, making it difficult for you to sustain work activity over time.

*Id*. at § 12.00(G)(2)(c). The ALJ herein found that Scott did not satisfy the Paragraph C criteria because Scott "is able to care for his own needs and does not allege otherwise." (Tr. 64.)

Because Scott does not challenge the ALJ's Paragraph B findings, Scott must point to specific evidence in the record that demonstrates that he reasonably could meet or equal the requirements of Paragraph A and Paragraph C for Listings 12.03, 12.06, and 12.15, in order to show that the record raises a "substantial question" as to whether his impairments satisfy the severity of these Listings. The Court finds that Scott has failed to do so.

Although the ALJ's analysis of the Paragraph C criteria is cursory, the Court may look to the decision as a whole in evaluating the ALJ's Step Three conclusions. *See, e.g., Anderson v. Comm'r of Soc. Sec.*, 2022 WL 4545188 at * 2 (N.D. Ohio Sept. 29, 2022) ("It's well-established that a reviewing court conducts a holistic review of the ALJ's decision and may look to findings elsewhere in the opinion to support Step Three conclusions."); *Immke v. Saul*, 2020 WL 1940849 at *6 (N.D. Ohio April 22, 2020) ("The Court may look to findings elsewhere in the ALJ's decision to support his Step Three conclusions"); *Bukowski v. Comm'r of Soc. Sec.*, 2014 WL 4823861 at *3 (E.D. Mich. Sept.26, 2014) ("That the ALJ performed some of [the Step Three] analysis in a different section of his opinion does not render his Step–Three findings inadequate.") (citing *Bledsoe v. Barnhart*, 165 Fed. Appx 408, 411 (6th Cir.2006) (holding Step Three finding sufficient where the ALJ described evidence regarding impairments earlier in the opinion, "even though he did not spell out every fact a second time under the step three analysis")); *Wright ex rel. A.B.W. v. Comm'r of Soc. Sec.*, 2013 WL 3879802 at *8 (E.D. Mich. July 26, 2013) (holding a Step Three finding supported by substantial evidence where the ALJ reviewed supporting medical evidence "in the pages both preceding and following [the Step Three] conclusion") (citing *Bledsoe*, 165 Fed. Appx. at 411).

Here, earlier in his Step Three analysis, the ALJ discussed the evidence relating to the Paragraph B criteria at greater length. (Tr. 64.) The ALJ acknowledged Scott's testimony that he has difficulty following instructions, completing tasks, concentrating, engaging in social activities, and managing his mood. (*Id.*) The ALJ found, however, that Scott was only moderately limited in the four areas of mental functioning, in light of record evidence that Scott was able to (1) go to doctor's appointment; (2) take medications; (3) follow instructions and respond to questions from health care providers; (4) get along well with providers and staff; (5) spend time with family and friends; (6) live with others; (7) watch TV; (8) play video games; (9) use the internet; and (10) handle self-care and personal hygiene. (Tr. 64) (citing Tr. 76-112, 264-271, 520-524.)

At Step Four, the ALJ discussed the medical evidence regarding Scott's mental health impairments in more detail, including evidence regarding his hallucinations, medication adjustments, and difficulty concentrating. (Tr. 66-67.) The ALJ acknowledged that Scott experienced exacerbations of his symptoms that required adjustments to his medication. (*Id.*) However, the ALJ found that Scott "has done well when compliant with his medication and has often reported positive progress with symptom control in his counseling sessions." (Tr. 67.) The ALJ also cited evidence that Scott maintained a logical thought process, was cooperative, showed no deficits in cognitive abilities, and had good insight and judgment. (Tr. 66-67) (citing Tr. 508-509.) In addition, the ALJ cited evidence that Scott "did report spending a great deal of time interacting with others on social media and video game platforms" and "testified that he is able to read a great deal of social media, play video games, and visit with friends." (*Id.*) (citing Tr. 779.)

Scott does not argue that substantial evidence fails to support the ALJ's findings that he is able to handle his self-care and hygiene.[6] Nor does he challenge the ALJ's findings that Scott reported "positive progress" when taking his medications and maintained a logical thought process with no cognitive deficits and good insight and judgment.[7] Instead, Scott cites to other evidence in the record that he believes supports a finding that he does, in fact, satisfy the Paragraph C criteria, including evidence that he is assisted by his mother to get to appointments; his mother monitors his medications; he has a case worker; he has not graduated from high school; and he does not have a driver's license. (Doc. No. 13 at p. 5-6.)

However, this Court is not permitted to resolve conflicts in the evidence or to decide questions of credibility. *Bass,* 499 F.3d at 509. "The Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). *See also Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011) ("If substantial evidence supports the ALJ's findings of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability.") (citing *Felisky*, 35 F.3d at 1035).

---

[6] The Court notes that the record contains evidence that Scott was able to perform a wide variety of activities of daily living, including attending to his personal hygiene (Tr. 436, 522), performing some household tasks (Tr. 436), preparing his own meals daily (Tr. 266), going shopping in stores (Tr. 267, 522), paying bills and counting change (Tr. 267), occasionally visiting relatives and friends (Tr. 84, 97, 268, 653, 659), and compliance with his medication (Tr. 436, 679).

[7] The record contains evidence that Scott reported "progress" or improvement with medication during counseling sessions (Tr. 439, 498, 507, 653, 679, 687, 698, 711) and that he was often described by his treatment providers as calm and cooperative, with logical thought process, no major cognitive deficits, and good insight and judgment. (Tr. 350-351, 427, 448-449, 504-505, 508-509, 523, 637, 679. 687, 698, 742-743.)

15

Here, the Court finds that substantial evidence supports the ALJ's conclusion that the Paragraph C criteria is not met. This is fatal to Scott's argument because each of the Listings that the ALJ failed to consider (i.e., Listings 12.03, 12.06, and 12.15) require Scott to satisfy either the Paragraph B criteria or the Paragraph C criteria. The ALJ found that Scott failed to satisfy either. Scott does not challenge the ALJ's Paragraph B determination and his argument that the ALJ failed to sufficiently address the Paragraph C criteria is without merit. As discussed above, the Court finds that, reading the decision as a whole, the ALJ sufficiently addressed the Paragraph C criteria and, further, that substantial evidence supports the ALJ's determination that the Paragraph C criteria is not met.

As a result, Scott is unable to show that the record raises a "substantial question" as to whether his impairments satisfy the severity of Listings 12.03, 12.06, and 12.15. The failure of the ALJ to specifically address these Listings is, therefore, harmless. *See, e.g., Parsons v. Comm'r of Soc. Sec.*, 2020 WL 512107 at * 2 (N.D. Ohio Jan. 31, 2020) (finding that the ALJ's failure to address Listings 12.03 and 12.15 was harmless error because the ALJ found that the plaintiff's impairments failed to satisfy the Paragraphs B and C criteria of Listing 12.06, which criteria are identical to Listings 12.03 and 12.15); *Brown v. Saul,* 2019 WL 4039055 at * 8-9 (N.D. Ohio Aug. 27, 2019) (finding that any error in the ALJ's failure to address Listing 12.03 "would be harmless because the ALJ discussed Listings 12.04 and 12.06, which include the same requirements as Listing 12.03."); *Sanders v Colvin*, 2014 WL 2802977 at * 13 (N.D. Ohio June 19, 2014) (finding that "even if the ALJ erred by not

specifically addressing Listing 12.04, it is harmless error because the criteria for Listing 12.03B and C and 12.04B and C are nearly identical and the ALJ adequately addressed Listing 12.03B and C.")[8]

Scott nonetheless argues that remand is required because the ALJ improperly failed to evaluate whether the severity of Scott's impairments is medically equivalent to the requirements of Listings 12.03, 12.06, and 12.15. (Doc. No. 13 at pp. 2, 6.) Scott further asserts that the ALJ erred in relying on the opinions of state agency psychologists Drs. Tishler, Tangeman, and Rindsberg because: (1) these psychologists did not review the vast majority of Scott's medical records; (2) they did not consider whether Scott's symptoms were equivalent to the requirements of Listings 12.03, 12.06, and/or 12.15; and (3) their 2017 opinions were issued well before the ALJ's June 2019 decision and are, therefore, outdated. (*Id*. at pp. 3-4.) Scott insists that a Medical Expert is needed and that "this matter must be remanded for an ALJ to obtain Medical Expert testimony specific to the issue of medical equivalence." (*Id*. at p. 8.)

The problem for Scott is that he failed to raise any of these arguments in his Brief on the Merits before the Magistrate Judge. *See* Doc. No. 9. Scott made no argument whatsoever challenging the ALJ's reliance on the opinions of Drs. Tischler, Tangeman, and/or Rindsberg anywhere in his

---

[8] *See also Sherry C. v. Kijakazi*, 2022 WL 3587351 at * 3-4 (W.D. Ky. Aug. 22, 2022) ("Plaintiff does not challenge the ALJ's findings concerning the 'paragraph B' and 'paragraph C' criteria for Listings 12.04, 12.06, and 12.15. This oversight is fatal to Plaintiff's claim because Listing 12.03 has the same 'paragraph B' and 'paragraph C' criteria as Listings 12.04, 12.06, and 12.15. *** Thus, if the ALJ had discussed Listing 12.03, the outcome is identical. The ALJ would have found that Plaintiff failed to satisfy the 'paragraph B' and 'paragraph C' criteria. For this reason, Plaintiff has identified a harmless error and is not entitled to relief."); *Dakota R. v. Kijakazi*, 2022 WL 16951332 at * 2 (W.D. Ky. Nov. 15, 2022) ("In this case, there is no 'substantial question' that Plaintiff's impairments satisfy Listing 12.03. Listing 12.03 participates in the same common structure of Listings 12.02, 12.04, and 12.06 discussed above. Specifically, these Listings require satisfaction of the same paragraph B or, alternatively, paragraph C severity criteria. In this case, the ALJ found that Plaintiff is only 'moderately' limited in each of the four paragraph B areas and that there is a lack of evidence of 'marginal adjustment' as contemplated by paragraph C. *** Plaintiff cites no persuasive evidence undermining this finding").

17

opening Brief. Nor did Scott even mention the alleged need for a Medical Expert in his briefing before the Magistrate Judge. Indeed, the words "Medical Expert" do not appear anywhere in either his Brief on the Merits. Finally, Scott failed to sufficiently argue the issue of medical equivalence.[9]

As noted *supra*, the Sixth Circuit has repeatedly held that parties cannot "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge's final report and recommendation. *Murr*, 200 F.3d at 902 n.1. *See also Swain*, 379 Fed. Appx at 517-18 ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived.") Because Scott failed to raise any of these arguments before the Magistrate Judge, the Court finds that they are waived and will not consider them herein.

Accordingly, and for all the reasons set forth above, the Court finds that the ALJ's Step Three determination is supported by substantial evidence. Scott's Objections are overruled.

### III. Conclusion

For all the foregoing reasons, Plaintiff's Objections (Doc. No. 13) are OVERRULED. The Court ACCEPTS the Magistrate Judge's Report and Recommendation (Doc. No. 12), and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

    s/Pamela A. Barker
Date: June 15, 2023    PAMELA A. BARKER
    U. S. DISTRICT JUDGE

---

[9] While Scott states summarily in his opening Brief that "the ALJ failed to consider that plaintiff's condition meets or equals" Listings 12.03, 12.06, and 12.15 (Doc. No. 9 at p. 26), Scott fails to provide any further explanation or development of the argument that his impairments are medically equivalent to Listings 12.03, 12.06 and/or 12.15. This is not sufficient to have raised this issue in the proceedings below. *See McPherson v. Kelsey,* 125 F.3d 989, 995-996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (internal citations omitted).

18